IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 3:15-00068

PHILLIP M. HENDERSON

### MEMORANDUM OPINION AND ORDER

On April 18, 2016, a jury found Defendant, Phillip Henderson, guilty on one count of healthcare fraud in violation of 18 U.S.C. § 1347. Defendant Henderson has now filed a Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29. ECF No. 86. For the reasons explained below, the Court **DENIES** the Motion.

### I.     Standard of Review

In determining whether to grant a motion for judgment of acquittal, the Government is entitled to the benefit of all reasonable inferences, and credibility of the witnesses should not be considered. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982) (reasonable inferences); *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989) (witness credibility). If, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, then a motion for judgment of acquittal must be denied. *Tresvant*, 677 F.2d at 1021. The role of the Court is to determine whether sufficient evidence existed for the jury's verdict. The Court does not function as a re-trier of the facts and it cannot supplant the jury's judgment with alternative factual findings.

### II.     Discussion

Defendant has asserted two grounds for judgment of acquittal. He argues that he was prejudiced by the introduction of evidence of loss and that his conviction is against the manifest weight of the evidence. *Def.'s Mot. for J. of Acquittal* 2, ECF No. 86.

1. <u>Evidence of loss</u>

Defendant first argues that "[t]his Court should grant Henderson a new trial because he was prejudiced by the government's introduction of evidence of loss when it is not an element of any offense charged." *Id.* at 3. This argument is flawed for several reasons. First, Defendant's instant motion is not one for a new trial; it is a motion for judgment of acquittal. These are procedurally different. A motion for a new trial must be raised under Federal Rule of Criminal Procedure 33. According to that rule, "any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Defendant Henderson was found guilty on April 18, 2016. Defendant did not file this instant motion until May 11, 2016.[1] Therefore, although the Court will consider Defendant's arguments for judgment of acquittal, any arguments regarding a new trial are untimely and will not be considered.

Next, moving to Defendant's argument that the introduction of evidence of loss warrants a judgment of acquittal, the Court finds that this argument fails because the evidence of loss was properly admitted. The evidence referenced by Defendant consists of exhibits that displayed the health benefits, services, and items obtained by the Defendant, totaling approximately $800,000.00. *Def.'s Mot. for J. of Acquittal* 4, ECF No. 86.

---

[1] The Court notes that Defendant did file an unopposed Motion to Extend Deadline to File Motion for Acquittal under Fed. R. Civ. P. 29(c)(1) on May 2, 2016. ECF No. 83. The Court granted this extension. ECF No. 85. However, Defendant's Motion did not request an extension to file a motion for a new trial, nor did Defendant file a separate motion requesting this.

First, the Court notes that Defendant did not object to the admission of the Government's exhibits at trial. *Dean Holtzman Tr.* 72–76, ECF No. 89. Second, Defendant's argument is meritless because the evidence of loss is directly relevant to Defendant's motive and intent to commit fraud. The Fourth Circuit has held, regarding mail fraud prosecution, that "evidence that the victims suffered losses and the defendant refused to make good on those losses is relevant to show the defendant's specific intent to defraud." *United States. v. Zehrbach*, 98 Fed. Appx. 211, 218 (4th Cir. May 11, 2004).

Defendant cities *United States v. Rand*, No. 3:10-cr-182, 2011 WL 4914962 (W.D.N.C. October 17, 2011) in support of his argument that evidence of loss prejudiced him; however, the court in *Rand* specifically held "[c]ourts have held that loss is relevant in fraud cases to demonstrate a defendant's knowledge of intent to commit fraud . . . [i]n the cited cases, unlike the instant case, there was a direct connection between the defendant's actions and the victim's losses." *Id.* at *4 (emphasis added) (citations omitted). In other words, the court in *Rand* granted defendant's motion in limine to exclude evidence of loss because the loss in that case was "only marginally relevant to the defendant's alleged intent to violate §1349 and . . . the relevance of such information, if any, is substantially outweighed by the danger of jury confusion." *Id.* at *5. The factual scenario in *Rand* is in stark contrast to the scenario currently before the Court. Here, there is a direct connection between the losses suffered by the Veterans Health Administration ("VHA") and Defendant Henderson's actions and intent in defrauding the VHA. Therefore, consistent with the court's holding in *Rand*, evidence of loss was properly admitted in this case as evidence of Defendant's motive and intent to commit fraud.

For these reasons, evidence of loss was properly admitted and Defendant was not unfairly prejudiced by its introduction into evidence.

2. Weight of the evidence

Next, Defendant argues "the jury's conviction of Henderson on Count 1 is against the manifest weight of the evidence . . . ." *Def.'s Mot. for J. of Acquittal* 6, ECF No. 86. The Court disagrees. The Fourth Circuit has held that "in reviewing the sufficiency of the evidence following a conviction, this court views 'the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government.'" *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (quoting *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996)). Additionally, the Fourth Circuit noted, "we must sustain the fact finder's verdict if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *United States v. Myers*, 280 F.3d 407, 415 (4th Cir. 2002)). Finally, "determinations of credibility are within the sole province of the [fact finder] and are not susceptible to judicial review." *Id.* (internal quotations and citation omitted).

Here, Defendant was convicted of healthcare fraud. The elements necessary to support such a conviction are: (1) there was a scheme to defraud a healthcare benefit program, or a scheme to obtain money by means of materially false or fraudulent pretenses, representation, or promises in connection with the delivery of or payment for healthcare benefits and services; (2) the defendant knowingly and willfully executed or attempted to execute that scheme with the intent to defraud; and (3) the target of the scheme was a healthcare benefit program. 18 U.S.C. § 1347. Defendant does not contest element three and stipulated at trial that the VHA is a healthcare benefit program that affected commerce.

Regarding the first two elements, however, Defendant argues that his conviction was against the manifest weight of the evidence. The Court disagrees. First, it is undisputed that since Defendant's 1995 diagnosis of Retinitis Pigmentosa ("RP"), Defendant received a plethora of

healthcare benefits from the VHA. As indicated in the Government's response, Dalene Renfro, the Visual Impairment Services Team Coordinator at the Veterans Affairs Medical Center ("VAMC") in Huntington, and Della Rudd, the Chief of the VHA Business Office at the VAMC, testified that the benefits Defendant received included free prosthetics and other equipment for the visually disabled, blind rehabilitation training, placement in the Priority Group 1 which gave Defendant priority in scheduling medical appointments, free healthcare services, free dental services, free prescription, mileage reimbursement from travel to and from the VAMC, and health services for Defendant's dependents. *Govt.'s Resp. to Def.'s Mot. for J. of Acquittal* 4–5, ECF No. 87.

There was also ample evidence for the jury to conclude that Defendant Henderson had obtained these benefits and services by knowingly and willfully executing or attempting to execute a scheme with the intent to defraud or by means of materially false or fraudulent pretenses, representations, or promises. During Defendant Henderson's trial, several eye doctors testified that the results of Defendant's eye examinations, which largely determined his ability to qualify for certain benefits, depended on Defendant's truthful responses during subjective testing of his visual acuity and visual fields. In other words, most of the tests performed on Defendant were subjective; therefore, Defendant's responses dictated the results. This is significant because, as the Government states in response to Defendant's Motion, "[e]ach optometrist testified that they suspected malingering, or dishonesty, in defendant's reporting of his vision levels, due to the dramatic fluctuations in reported vision (including reported improvements in visual field that contradicted the fact that visual field, once lost, can never be regained)." *Govt.'s Resp. to Def.'s Mot. for J. of Acquittal* 6, ECF No. 87. The Court adopts and agrees with this synopsis.

Several doctors also testified that, based on Defendant's reported vision levels, he would be incapable of driving and would require a cane or guide to get around. Video evidence presented

at trial, however, clearly indicated that Defendant was capable of driving—in fact, Defendant often drove himself to his own appointments at the VA. Video evidence also indicated that Defendant was able to navigate himself around the VA without the use of a cane or other guide. Based on this evidence, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,"[2] and a reasonable jury could have determined that Defendant intended to, and did in fact, defraud the VHA.

As such, Defendant's conviction is not against the manifest weight of the evidence.

### III.    Conclusion

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal (ECF No. 86) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:    August 10, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

[2] *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (quoting *United States v. Myers*, 280 F.3d 407, 415 (4th Cir. 2002)).